*1070 OPINION.
Smith:
The petitioner claims to be affiliated with the Bittel-Leftwich Tire Service Co. of St. Louis, Mo., which claim has been denied by the respondent. The only issue in this case is the affiliation or nonaffiliation of the companies during the taxable periods July 1, 1918, to November 30, 1918, and the fiscal years ended November 30, 1919, and November 30, 1920.
The evidence shows that the two companies were in the same line of business; that the control of the business was under the guiding influence of representatives or nominees of the Missouri corporation. Separate books of account were kept by each company and the only evidence of intercompany relations is a purchasing arrangement *1071 whereby the "petitioner secured its merchandise and supplies at cost to the Missouri corporation plus handling charges.
The fact that the business policy and management were dictated by the Missouri corporation or its stockholders is not determinative of the issue; for the control of the business of a corporation is not control of the stock as contemplated by the statute. Appeals of Old Colony R. R. Co., 1 B. T. A. 1067; Norwich & Worcester R. R. Co., 2 B. T. A. 215; Watsontown Brick Co., 3 B. T. A. 85. In Appeal of Greenville Coaling & Export Corporation, 4 B. T. A. 183, it was stated:
The fact of intercompany relations, or the absence of them, without the necessary stock ownership or control as provided in the statute, is not sufficient to permit or require affiliation.
The stock ownership of the petitioner as presented in the evidence may be summarized as follows:
[[Image here]]
The ownership of stock by the trustee plus qualifying shares shown above does not of itself amount to “ substantially all ” the stock as required by the statute. Appeals of Industrial Co. of Binghampton, 2 B. T. A. 360; James Butler Grocery Co., 4 B. T. A. 378; Kiddy Shoe Service, Inc., 5 B. T. A. 268.
The minority stock in the petitioner was owned by investors who paid cash for their stock and acquired absolute ownership therein without any condition or agreement as to resale. They were not employees and were in no way connected with the Missouri corporation. The fact that the minority stockholders gave proxies for the voting of their stock is immaterial. As was stated in Appeal of Tunnel Railroad of St. Louis, 4 B. T. A. 596:
The giving of proxy is not a relinquishment by the donor of any of the rights of ownership or control.
In Wofford Oil Co. v. Commissioner, 5 B. T. A. 115, it was stated relative to a minority interest that a feeling of helplessness does not indicate any control of stock.
Although the question of affiliation or nonaffiliation of corporations is not to be determined solely on the basis of mathematical computa *1072 tions of stock holdings, Appeal of Hagerstown Shoe & Legging Co., 1 B. T. A. 666, we think that it can not be said that the Missouri corporation owned directly or controlled through closely affiliated interests, or by a nominee or nominees, substantially all of the stock of the petitioner or that substantially all of the stock of the two corporations was owned or controlled by the same interests during the taxable periods involved herein.

Judgment will he entered for the respondent.

Considered by LittletoN.